UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-264(3) (DWF) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| James Arthur Mallett, | |
| Defendant. | |

**INTRODUCTION**

This matter is before the Court on Defendant James Arthur Mallett's *pro se* motion to reduce sentence and/or for compassionate release (Doc. No. 340) and motion opposing Government's response (Doc. No. 354). The United States of America (the "Government") opposes Mallett's motion to reduce sentence and/or for compassionate release. (Doc. No. 351.) For the reasons discussed below, the Court respectfully denies Mallett's motions.

**BACKGROUND**

In 2017, Mallett was indicted on ten counts related to drug trafficking heroin and cocaine. (Doc. No. 1.) Mallett pled guilty to one count of conspiracy to distribute a controlled substance. (Doc. No. 163.) He was sentenced to 132 months in prison and a term of 8 years of supervised release. (Doc. No. 260.)

Mallett is currently incarcerated at the Oxford Federal Correctional Institution. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc* (last visited

June 23, 2023). Mallett moves for compassionate release grounds that (1) he suffers from obesity and substance abuse and is a former smoker, which increases his risk of severe illness if he contracts COVID-19; (2) his mother is ill, and he is her sole caretaker; and (3) his sentence would be lower if he were sentenced today. The Government opposes the motion.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . . " *Id.* The record reflects that Mallett requested compassionate release from the warden and did not get a response within 30 days. (Doc. No. 340-1 at 8, 14.) Accordingly, the Court finds Mallett's motion ripe for review.

Mallett asserts that he suffers from obesity and substance abuse and is a former smoker. Persons with obesity and lung issues might be at an increased risk for severe illness should they contract the COVID-19 virus. But Mallett has failed to provide any evidence of his conditions. Even assuming Mallett is at an elevated risk, COVID-19 appears to be under control at Oxford. Currently, Oxford reports zero COVID-19 cases among inmates and zero among staff. Federal Bureau of Prisons, BOP COVID-19 Statistics, *https://www.bop.gov/coronavirus/covid19_statistics.html* (last visited June 23, 2023). Mallett is also vaccinated (Doc. No. 352 at 62), which mitigates his risk. "The CDC advises that while vaccinated individuals may still contract COVID-19, 'they are much less likely to experience severe symptoms than people who are unvaccinated.'" *United States v. Kingbird*, No. 19-cv-0054(1), 2023 WL 136599, at *2 (D. Minn. Jan. 9, 2023) (internal quotations omitted). Moreover, Mallett has failed to explain how his

obesity and history of smoking has diminished his ability to provide self-care within the prison context.

Mallett also argues that the BOP's COVID-19 data is misleading and asserts that people at FCI Oxford do not "report their symptoms for fear of being quarantined for weeks at a time with minimal access to food and over the counter medication." (Doc. No. 354 at 2.) Those arguments, however, do not support compassionate release. *See United States v. Catano-Morales*, No. 18-cr-242, 2022 WL 3647878, at *2 (D. Minn. Aug. 24, 2022) (noting that prison conditions "affect all inmates and are not a particularized reason for [a defendant's] release"). Mallett may instead seek relief through a civil suit if he wishes to challenge the conditions of his confinement.

Mallett next argues that his mother's ill health constitutes an extraordinary and compelling circumstance justifying compassionate release. Mallett asserts that his mother suffers from arthritis in both hands, type two diabetes, severe depression, and obesity. (Doc. No. 354 at 2.) Again, Mallett has failed to provide evidence of his mother's conditions. Even assuming that she has these medical conditions, Mallett has failed to explain why other members of his family, or extended family, are unable to care for his mother. The Court therefore finds that Mallett's family circumstances do not warrant compassionate release.

Finally, Mallett asserts if he had been sentenced today, he would have received a lesser sentence. The Eighth Circuit has held that "if the sentencing court mistakenly classified [the defendant] as a career offender, then [the defendant]'s recourse [i]s to pursue a direct appeal or a motion for post-conviction relief under 28 U.S.C. § 2255."

4

*United States v. Crandell*, 25 F.4th 582, 586 (8th Cir. 2022). Mallett "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead." *Id.*

Because the Court concludes that Mallett has failed to demonstrate extraordinary and compelling circumstances that warrant compassionate release, the Court need not address the sentencing factors or whether Mallett poses a danger to the community.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant James Arthur Mallett's motion to reduce sentence (Doc. No. [340]) is respectfully **DENIED**.

2. Defendant James Arthur Mallett's motion opposing Government's response (Doc. No. [354]) is respectfully **DENIED**.

Dated: June 27, 2023              s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge